FLURRY *v.* JACKSON COUNTY.*

(Division A.   June 2, 1924.)

[100 So. 279.   No. 24184.]

COUNTIES. *Employment of county bridge commissioner for one year*
*fixing monthly compensation void.*

Under section 5, chapter 276, Laws of 1920, an order of the board
of supervisors employing a county bridge commissioner for a
year and fixing his compensation at one hundred and twenty-
five dollars per month is void because the statute does not au-
thorize compensation except for each day of actual service ren-
dered in the discharge of duties, not exceeding five dollars per
day.

---

*Headnote 1.   Counties, 15 C. J., section 173.

APPEAL from circuit court of Jackson county.
HON. D. M. GRAHAM, Judge.
Suit by J. L. Flurry against Jackson county. From
a judgment sustaining a demurrer and dismissing the
suit, plaintiff appeals. Affirmed.

*L. W. Maples,* for appellant.

The appellant contends that: "it is shown on the face
of the amended declaration that the order of the board
of supervisors, under and by virtue of which the plain-
tiff claims to have been employed, and upon which this

suit is founded was, and is, void because the board of supervisors were not authorized by law to employ such commissioner "for the year 1922," nor for any definite term or time other than by the day and for such days as he would be required to serve in the actual discharge of his duties as defined by the board of supervisors, and also because the board of supervisors were not authorized by law to fix the salary of such commissioner at one hundred twenty-five dollars per month; or otherwise than at a sum not to exceed five dollars per day for each day served in the actual discharge of his duties as defined by the board of supervisors."

This cause of demurrer is not well founded as the law provides: "That the board of supervisors, in addition to the present method of working public roads of any county or beat, thereof, may purchase implements, and material and employ labor and work and construct public roads and build bridges under the direction of a competent commissioner, to be employed by them, and the board of supervisors may do any and all things necessary to be done to work and construct the public roads and build bridges, as herein provided but all contracts for material and supplies in excess of fifty dollars shall be made on and after competitive bids for the same, and all labor shall be employed by and under the direction of said commissioner" (Hemingway's Code, secs. 7151, 7152, 7153, and 7154); and there is no provision in said law fixing the salary of said commissioner at the sum of five dollars per day or any other salary, and there is no provision prohibiting the board of supervisors from employing a commissioner by the month and for a definite term as "for the year of 1922." This is a broad and general statute authorizing the board of supervisors to do any and all things necessary to be done to work and construct the public roads and to build the bridges. This is a separate and independent method of working the public roads and building bridges from the law referred

to by appellee in its cause assigned in support of its demurrer.

See *Love* v. *Yazoo County*, 111 Miss. 805, Chapter 177, Laws of 1916, provides an additional method for working roads independent of the Code of 1906, section 333. *Ellis* v. *Darnell*, 112 Miss. 129.

The appellant further contends in support of its demurrer that the words, in the order of the board of supervisors under and by which the plaintiff claims to have been employed and upon which this suit is founded, reading as follows: "For the year 1922," "and that his salary as such commissioner be fixed at one hundred twenty-five dollars per month," are each in contravention of the statute, therefore void and of no effect, but merely surplusage which can be stricken from the order and leave it a valid order." We have already shown that the board of supervisors had the right to employ appellant for the year 1922 and that it had the right to fix his salary as such commissioner at one hundred twenty-five dollars per month; and that neither the time for which he was employed nor the amount he was to be paid by the month is in contravention of the statute nor is it void or merely a surplusage to the order made and entered upon the minutes of the said board of supervisors; that the board of supervisors had the lawful authority to do each.

The law is made general in its purpose allowing the board of supervisors a wide latitude in which to exercise their judgment and discretion for the improvement and upkeep of the roads and bridges in their counties and beats. *Martin* v. *Little*, 115 Miss. 195; *Bay St. Louis* v. *Hancock County*, 130 Miss. 873; *Lang* v. *Board of Supervisors*, 114 Miss. 341.

*Denny & Heidelberg*, for appellee.

The authority of the board of supervisors to appoint a commissioner was dependent wholly upon compliance

with the requirements. of section 6, chapter 150, Laws 1910. Because the board made the order appointing appellant Bridge Commissioner, and the allegation in the declaration and the exhibition therewith of a copy of the order, does not carry with it the presumption that said act was in force in Jackson county. The court could not judicially know that it was. If the board had the power to appoint a commissioner, by having come under the provisions of said act, an averment to that effect in the declaration was necessary, and the failure to make such averment was fatal to the declaration, on demurrer. *State* v. *Burkett*, 83 Miss. 301, 35 So. 689; *Bryant* v. *State*, 65 Miss. 436, 4 So. 343; *Norton* v. *State*, 65 Miss. 297, 3 So. 665; *West* v. *State*, 70 Miss. 593, 12 So. 903; *Hill* v. *Clay County*, 58 Miss. 807; *Howe* v. *State*, 53 Miss. 57; *Bullard* v. *Davis*, 31 Miss. 523; *Jefferson County* v. *Grafton*, 74 Miss. 436; *Lowndes County* v. *Hearn*, 59 Ala. 371; *Robb & Chicester* v. *Postal Telegraph & Cable Co.*, 104 Miss. 165, 61 So. 170.

The act is silent as to the term for which such commissioner might be employed, but provided that his "compensation shall not exceed five dollars per day for each day served in the actual discharge of his duties, as defined by the board of supervisors;" thus manifesting the intention of the legislature that such employment should not be for any definite, or fixed time, but only at such times, and for such days, as there would be work to be done on the roads; that such employment and payment for the service should be by the day, during the pleasure of the board of supervisors, or so long as, in the discretion of the board, the method of so working the roads, and the service of the person so employed, would best promote the general interest of the county or district. It was clearly the purpose of the legislature to place the matter within the control and discretion of the board, and for the board to exercise its control and discretion in such manner that, if at any time, the public interest would so require, the board could cease such method of

road working, or cease employment of any person as commissioner.

It is familiar learning that "the board of supervisors can only bind the county by an affirmative act within the scope of its authority." *Bridges* v. *Clay County*, 58 Miss. 817, holds that "boards of supervisors have no life, no attribute, no power, no rights, no obligations, but such as have been conferred or imposed on them. Being creatures of the statute, endowed only with special powers and created for special purposes, such boards can exercise only the powers expressly conferred by statute, or which are necessarily implied." *Jefferson County* v. *Grafton*, 74 Miss. 435, 21 So. 247; "that the powers of a county board of supervisors will be strictly limited to those conferred by statute." *Adams* v. *First National Bank*, 103 Miss. 744, 60 So. 770; that "one who deals with the board of supervisors in matters of a public nature, is conclusively presumed to deal with full knowledge of the constitutional and statutory powers of the body. He acts at his peril if he contracts, even with the board in open session speaking through its minutes, in matters beyond its power." *Adams* v. *Jackson Electric Power Co.*, 78 Miss. 687, 30 So. 58, also 79 Miss. 408, 30 So. 694.

Mindful of these restrictions on the authority of the board, and turning to the Statute of 1920 under which appellant was employed, appellee submits it is manifest that there is no lawful grant of power to the board of supervisors to contract with, or employ, anyone as commissioner for a year, or any definite period of time; and that it was intended by the legislature that the board should not surrender, or attempt to surrender, its right to employ and discharge such commissioner at any time that the public interest would require it. The board could not lawfully commit itself, or the county, irrevocably, to the employment of a commissioner for one year, regardless of whether or not the public interest would be

served thereby, any more than it could employ such commissioner for ten, twenty or thirty years, which of course would be an absurdity and beyond the power of the board.

Moreover, said order is void, because the board of supervisors were not authorized by law to fix the salary of such commissioner at one hundred twenty-five dollars per month. The statute limits the power of the board, in this particular, to a sum not in excess of five dollars per day served in the actual discharge of his duties—for each day only that work will have been done; whereas, the order fixes the salary at one hundred twenty-five dollars per month, which is in direct and positive conflict with the statute governing the matter. Appellant claims this order can be saved and rendered valid by treating certain clauses as surplusage, and striking same therefrom.

It is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another part; and that, if the invalid part is severable from the rest, the portion which is constitutional may stand, while that which is unconstitutional is stricken out and rejected. But where it is not possible to separate that which is constitutional from that which is unconstitutional, then the whole statute fails. The constitutional and the unconstitutional part should be severable so that the valid portion may be read and may stand by itself. 6 R. C. L. 121, 123; *Ballard* v. *Cotton Mills Co.,* 81 Miss. 507; *Campbell* v. *Union Bank,* 6 How. 626; *Cook* v. *City of Pascagoula,* 83 So. 305; *Lewis* v. *Jane,* 92 So. 625; *Sanders* v. *City of Starkville,* 91 So. 423; *Wasson* v. *Grenville,* 123 Miss. 542, 86 So. 450; *Halton* v *Bond,* 112 Miss. 590, 73 So. 812; *Shines* v. *Hamilton,* 87 Miss. 384, 39 So. 1000; *Johnson* v. *Yazoo County,* 113 Miss. 433, 74 So. 321; *Pradat* v. *Ramsey,* 47 Miss. 24; *Liddell* v. *Mozapater,* 92 So. 631.

*L. W. Maples,* for appellant in reply.

The legislature of 1910 provided for an additional method of working the public roads, chapter 150, Laws of 1910. This law was amended in 1912 by the legislature, creating two separate and distinct methods for working the public roads and building the bridges, namely: Chapter 257, Laws of 1912 and chapter 258, Laws of 1912, and these two separate and independent systems of working the roads were amended in 1916 by the legislature. Chapter 158, Laws of 1912, was amended by chapter 172, Laws of 1916, and chapter 157, Laws of 1912, was amended by chapter 177, Laws of 1916, and chapter 177, Laws of 1916, was amended by chapter 279, Laws of 1920, and appellant alleges in his declaration that the board of supervisors were working the roads of Jackson county under and by virtue of the separate and independent system provided by the Laws of chapter 150, Laws of 1910, chapter 157, Laws of 1912, chapter 177, Laws of 1916, and chapter 279, Laws of 1920; and that the board of supervisors under this system of working the roads was empowered with the authority to do any and all things necessary to be done to work and construct the public roads and build bridges under the direction of a competent commissioner to be employed by them; and that there is no provision in said law limiting them in any way except that they exercise their own good judgment and act within reasonable bounds in the employment of a commissioner at a reasonable salary and for a reasonable length of time, and we submit that the employment of appellant "for the year 1922" was for a reasonable length of time, and that one hundred twenty-five dollars per month was a reasonable salary to pay such a commissioner.

These laws have been construed by this court and held to be separate methods of working the roads; and it has been decided that the board of supervisors might operate under one or more of such systems as is provided

for by law; and that the board of supervisors cannot complain that they had no authority to do that which they have done when the law under which they are operating gives them the power and authority to act as they have acted. *Dugger* v. *State,* 66 So. 327; *Blue Mountain* v. *Tippah,* 68 So. 250; *Love* v. *Yazoo,* 70 So. 230; *Ellis* v. *Donnell,* 72 So. 878; *Lang* v. *Harrison County,* 76 So. 126; *Mobile & Ohio R. R. Company* v. *Trapp,* 80 So. 553; *Martin* v. *Little,* 76 So. 142, *Bay St. Louis* v. *Hancock County,* 83 So. 276.

We respectfully submit that the board of supervisors, under the law alleged in the declaration that they were operating under, had the right to enter into a contract with appellant "for the year 1922" and to pay him a salary for his services in the sum of one hundred twenty-five dollars per month.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court sustaining a demurrer and dismissing the suit of the appellant Flurry wherein he claimed that the appellee Jackson county was indebted to him in the sum of eight hundred seventy-five dollars as a balance of salary due him as bridge commissioner for the county for the year 1922.

The board of supervisors, acting under section 5 of chapter 276, Laws of 1920, employed the appellant Flurry as bridge commissioner for the county at a salary of one hundred twenty-five dollars per month for and during the year 1922. After Flurry had served several months as bridge commissioner he was discharged by the board on the ground that he was related to a member of the board within the third degree as prohibited in chapter 278, Laws of 1922, whereupon he demanded and sued for the balance due him for the remaining months of 1922.

Section 5 of chapter 276, Laws of 1920, provides as follows:

"The board of supervisors are hereby authorized, in their discretion, if they consider it necessary and to the general interest of the county or district, to employ a competent person to serve as road commissioner, whose compensation shall not exceed five dollars per day for each day served in the actual discharge of his duties, as defined by the board of supervisors of each county. Labor for said roads to be employed by the board of supervisors, in case there be a commissioner, to be employed by him."

Acting under this statute the board in January, 1922, appointed appellant Flurry as bridge commissioner by the following order spread upon its minutes, to-wit:

"Ordered by the board that J. L. Flurry be and is hereby appointed bridge commissioner for Jackson county for the year 1922, in accordance with the former orders of this board relative to the duties of such commissioners, and that his salary as such commissioner be fixed at one hundred twenty-five dollars per month until the further orders of this board relative thereto. It is further ordered by the board that he be required to furnish bond as such commissioner in the sum of one thousand dollars, as provided by law, same to be approved by this board."

There are several grounds of demurrer, but we shall notice only one, which we think was good and justified the action of the lower court in dismissing the suit, and that is, the order of the board appointing appellant bridge commissioner was void, and the board had the right to dispense with his services at any time, because the order provides that "his salary as such commissioner be fixed at one hundred twenty-five dollars per month until the further orders of this board relative thereto."

We think the order is invalid because it is contrary to the statute with reference to the compensation to be

allowed the commissioner for his services. The only authority given the board to employ a bridge commissioner is derived from this statute, which provides the board is authorized "to employ a competent person to serve as road commissioner, whose compensation shall not exceed five dollars per day for each day served in the actual discharge of his duties." The order of the board fixing the compensation at one hundred twenty-five dollars per month without reference to daily compensation for "each day served in the actual discharge of his duties" is contrary to the provision fixing the compensation. The compensation is *per diem,* not by the month, and the requirements of the statute must be followed.

We are not called upon to decide whether or not the employment could have been by the year if the compensation had been fixed at a sum not in excess of five dollars per day for each day served in the actual discharge of his duties; nor is it necessary to decide whether the employment could be by the month where compensation is fixed by the day for the actual services rendered for each day, because the order makes no such provision, but simply provides for compensation at one hundred twenty-five dollars per month, regardless of the number of days of actual service rendered or the fixed amount to be paid for each day's work.

Whether the nepotism law is applicable in the case we do not decide, because a consideration of this point might involve the constitutional question of the impairment of contract, since the contract by the board with a relative in January, 1922, was a valid contract at that time because the nepotism act did not become operative until afterwards.

The judgment of the lower court sustaining the demurrer and dismissing the suit is affirmed.

*Affirmed.*